**SULAIMAN LAW GROUP, LTD**
Alexander J. Taylor (Cal. Bar No. 332334)
2500 S. Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 331-307-7646
ataylor@sulaimanlaw.com

*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIKAH L. ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Case No. **'21CV837  H     BLM**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

**NOW COMES** Malikah L. Anderson ("Plaintiff"), by and through her undersigned counsel, complaining of the Defendant, Midland Credit Management, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §1331 as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business and is headquartered in the Southern District of California.

**PARTIES**

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant is a collection agency with its headquarters located at 350 Camino De La Reina, Suite 300, San Diego, California 92108.

6. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as its principal business purpose is the collection of defaulted debts owed to others.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSE OF ACTION**

8. Around the summer of 2018, Plaintiff discovered she was the victim of identity theft as numerous companies she had no prior business relationship with contacted her.

9. After filing a police report, and working with the Credit Reporting Bureaus, Plaintiff believed the majority of the pitfalls associated with the identity theft were behind her.

10. In May 2019, Plaintiff received a collection letter from Defendant, attempting to collect on an allegedly defaulted Synchrony Bank debt ("alleged debt").

11. Consequently, Plaintiff sent written correspondence to Defendant stating that she was a victim of identity theft and that the alleged debt was not hers.

12. Defendant failed to respond to Plaintiff's letter.

13. On May 29, 2019, Defendant began reporting the alleged debt to the Credit Reporting Bureaus.

14. Subsequently, Defendant continued to try to collect the alleged debt from Plaintiff.

15. On April 23, 2021, Plaintiff received a letter stating she had been sued on the alleged debt. The letter further provided a case number a number and a hearing date of June 21, 2021.

16. Despite not owing the alleged debt, the letters portrayed to Plaintiff that the alleged debt was still due, owed, and had been placed with its office for collection.

17. Moreover, Defendant has filed a lawsuit in an attempt to collect on the alleged debt.

18. Plaintiff was extremely worried that there could be negative consequences if she did not pay the debt, even though she knew it did not belong to her.

19. Defendant's misleading conduct has severely disrupted Plaintiff's daily life and general well-being as Plaintiff constantly feared serious consequences.

20. Concerned about the violations of her rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Defendant from further deception in the future, thus incurring costs and expenses.

**COUNT I – DEFENDANT'S VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

21. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

22. The Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

23. The subject account qualifies as "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

24. Defendant qualify as a "debt collector" as defined by §1692a(6) because they regularly collects debts and use the mail and/or the telephones to collect delinquent consumer accounts.

25. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigs, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

26. Defendant's communications to Plaintiff in her consumer report were made in connection with the collection of the subject accounts.

27. Defendant violated 15 U.S.C. §§1692e, e(2), e(8), and e(10), through its debt collection efforts.

    **a. Violations of FDCPA § 1692e**

28. Defendant violated §1692e, and e(2) when they misrepresented the character, amount, or legal status of the subject accounts. The subject accounts were not owed at the time Defendant demanded payment through the misreporting of the subject account because the subject account did not belong to Plaintiff. Specifically, Plaintiff did not have any legal or personal obligation to pay Defendant as the subject accounts belonged to someone else.

29. Moreover, Defendant violated §1692e(2) when they caused a lawsuit to be filed against Plaintiff in an attempt to collect on a debt she does not owe.

30. Defendant violated §1692e(8) by communicating false credit information to Equifax, TransUnion, and Experian that they knew, or should have known, to be false by inaccurately reporting a balance and an unpaid status. This information was inaccurate and misleading because the subject account did not belong to Plaintiff.

31. 15 U.S.C. §1692e(8) also requires a debt collector to disclose the fact that a debt is disputed.

32. Defendant violated §1692e(8) when it failed to designate its tradelines as disputed after receiving notice of Plaintiff's dispute.

33. Defendant violated §1692e(10) when it used false representations and/or deceptive means to collect and/or attempt to collect the subject account. The subject account were not owed at the time Defendant demanded payment because the subject accounts did not belong to Plaintiff.

34. As experienced creditors and debt collectors, Defendant knew or should have known the ramifications of collecting on debts that do not belong to the intended consumers.

35. Defendant knew or should have known that the subject accounts were uncollectable as a matter of law.

36. Upon information and belief, Defendant has no system in place to identify and cease collection of debts that do not belong to the individual debtor.

37. As stated above, Plaintiff has been severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff MALIKAH L. ANDERSON respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award the Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award the Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: April 30, 2021                    Respectfully submitted,

By: */s/ Alexander J. Taylor*
Alexander J. Taylor (Cal. Bar No. 332334)
**SULAIMAN LAW GROUP, LTD**
2500 S. Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 331-307-7646
ataylor@sulaimanlaw.com